# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Charles Goodwine, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | |
| Victor Hill; | ) | |
| Roland Boehrer; | ) | |
| Terrance Gibson; | ) | JURY TRIAL DEMANDED |
| Levon Allen; | ) | |
| Jailer K. Greenwood; | ) | |
| Jailer D. Doyle; | ) | |
| Jailer C. Broussard; | ) | |
| Jailer T. Smith; | ) | |
| Jailer J. Brown; | ) | |
| Jailer A. Johnson; | ) | |
| Jailer C. Smart; | ) | |
| Jailer T. Campbell; | ) | |
| Jailer D. Green; | ) | |
| Jailer Gray; | ) | |
| Booking Officer M. M. Woods; | ) | |
| Jail Officer A.D.F (a/k/a/ Employee no. 27797); | ) | |
| Jail Classification Officer J.L.L. (a/k/a/ Employee no. 8267); | ) | |
| Jail Officer B.W. no. 25656; | ) | |
| Release and/or Classification Officers working between December 1, 2020 through and including January 6, 2021 | ) | |
| | ) | |
| All individually and officially, | | |
| Defendants. | | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff and files this Complaint for Damages against the above-captioned Defendants, all individually and officially, showing as follows.

## NATURE OF CLAIM

Plaintiff brings this action against Defendants for violation of his rights as guaranteed by the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Georgia Constitution, and Georgia law. Plaintiff seeks compensatory damages, special damages, general damages, punitive damages, reasonable attorneys' fees and costs, and any and all other relief to which he is entitled by law, as more fully described below.

## JURISDICTION AND VENUE

1. This action is brought before the court pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution for the deprivation of Plaintiff's constitutional rights under color of law. Accordingly, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff also asserts Georgia state law claims against Defendants that arise out of the same transaction or occurrence that serves as the basis for Plaintiff's claims

that arise under federal law; therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is properly conferred upon this Court because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, it is the most convenient to the parties and to the witnesses, and it is where one or more of the Defendants are deemed to reside. 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff, Charles Goodwine, resides in Clayton County, Georgia and is subject to the jurisdiction and venue of this Court.

5. At all times relevant hereto, Victor Hill was the Sheriff of Clayton County, Georgia, and was and is responsible for oversight of the entire Sheriff's Office, including the jail and its operations. Sheriff Hill is being sued both in his individual capacity and his official capacity as a law enforcement officer. Sheriff Hill at all times relevant hereto was acting pursuant to his employment and under color of state law and is subject to the jurisdiction and venue of this Court.

6. Defendants Boehrer, Gibson, Allen, Greenwood, Doyle, Broussard, Smith, Brown, Johnson, Smart, Campbell, Green, Gray, Woods, A.D.F., J.L.L., B.W., and Release and Classification Officers were employed as Jailers and supervisory staff with the CCSO at all times relevant hereto and were acting pursuant to their

3

employment and under color of state law. All are being sued in their individual and official capacities. All are subject to the jurisdiction and venue of this Court.

7. All conditions precedent to this action, including grievance procedures and ante litem, have occurred, been executed, or been waived.

## FACTUAL ALLEGATIONS

8. All of the actions complained of herein were taken under color of law and pursuant to the policy, practice, and custom, whether written or unwritten, of Victor Hill, the CCSO, and the officers involved, all while acting in official capacity and under color of law.

9. On or about December 14, 2018, Defendant was sentenced in the State Court of Clayton County to 24 months' probation for Driving Under the Influence, Striking a Fixed Object, Improper Lane Chance, and Stop Sign Violation. See **Exhibit 1**.

10. On or about September 14, 2020, Defendant tested positive for alcohol which caused a probation revocation proceeding. See *Id*.

11. On or about September 16, 2020, an arrest warrant was signed and Defendant was arrested on or about September 23, 2020. See **Exhibit 2**.

12. On or about October 5, 2020, Judge Margaret Spencer of the Clayton County State Court entered an order revoking two months ten days of Defendant's

probation with credit dating back to the date of his arrest, after which time he would be released and his case would be closed. See **Exhibit 3**.

13. Accordingly, Defendant's release date from the jail should have been two months ten days from September 23, 2020, which was on or about December 3, 2020.[1]

14. In the alternative, Defendant's "max out" date (i.e., the end date of his probation) was 24 months from the start of his original sentence: December 14, 2020.

15. Ultimately, Defendant remained in custody until January 6, 2021, at which point he had been wrongfully over-detained for at least 24 additional days or at most, 36 additional days. See **Exhibits 5 and 6**.

16. While incarcerated on and after what should have been his release date(s), Plaintiff complained to these named defendants about the illegality of his detention and these defendants were deliberately indifferent to same.

17. At the time(s) that Plaintiff should have been released, there were no other detainers, holds, warrants, nor any other instruments by which to justify and additional detention beyond that ordered in the probation revocation proceeding.

18. The over-detention and false imprisonment of Plaintiff was unlawful as there was no legal justification for same and Defendants acted with deliberate

---

[1] According to jail calculations and as stated in **Exhibit 4**, Plaintiff's release date was set by the jail as December 1, 2020.

5

indifference to Plaintiff's right to be free from overdetention and with deliberate indifference to Plaintiff's pleas and grievances to be released once his release date had passed.

19. All Defendants, individually and collectively, acted with an intent to confine, their acts resulted in actual confinement of Plaintiff, Plaintiff was aware of such confinement, and such confinement was done without legal authority once the time for Defendant's release had come and gone.

20. It is the custom and practice of the jail and its staff to be deliberately indifferent to violations of the civil rights of inmates, including overdetention of inmates.

21. Per written policy, the entire jail facility, including Sheriff Hill and his command staff, handles and carries out as a whole the task of releasing inmates. See **Exhibit 7**.

22. Said written policy, in combination of how it was carried out (allowing Plaintiff to remain incarcerated beyond his release date), resulted in deliberate indifference to the constitutional rights of Plaintiff.

23. Sheriff Hill, his command staff, and all individually-named Defendants personally participated in, and are directly responsible for, the violation of Plaintiff's rights.

24. Sheriff Hill and his command staff (Boehrer, Gibson, Allen) are also liable in respondeat superior in that the history of widespread abuse against inmates at the Clayton County Jail (by way of intentional acts of violence by jail staff against inmates and by way of prior acts of overdetention) put them on notice of the need to correct the deprivation of rights.

25. In addition, the facts as alleged herein support an inference that Sheriff Hill and his command staff either directed the subordinates to act unlawfully or knew that they would so act and failed to stop them from doing so.

26. The pattern of abuse and mistreatment of inmates is so widespread and commonplace that Victor Hill and his command staff cannot reasonably claim to have been ignorant of same and were on notice of the need to correct same.

27. The pattern of abuse and mistreatment of inmates is so widespread and commonplace that it can reasonably be considered an unwritten policy or practice of the Sheriff, the jail, and its staff.

28. Having knowledge of same, Victor Hill and his command staff were deliberately indifferent to the constitutional rights of inmates under their watch, and such deliberate indifference caused Plaintiff's injuries.

29. Hill and command staff are also liable in respondeat superior in that their behavior and rises to the level of a custom or policy of deliberate indifference to the constitutional rights of inmates.

30. Hill and command staff are also liable in respondeat superior in that the facts and circumstances support an inference that they directed their subordinates to act unlawfully or knew that they would so act and failed to stop them from doing so.

31. All acts of all Defendants complained of herein were performed intentionally and maliciously with the specific intent to injure Plaintiff unless otherwise specifically alleged.

32. All Defendants had knowledge that Plaintiff was due for release but continued to detain him nonetheless.

33. All acts of all Defendants combined to collectively cause a joint and indivisible harm to Plaintiff.

**COUNT I –
42 U.S.C. §1983
(FOURTH AMENDMENT)
ALL DEFENDANTS**

34. Plaintiff re-alleges and reincorporates the foregoing paragraphs 1 through 33 as if fully set forth herein.

35. At all times relevant hereto, these Defendants were acting as employees of the CCSO and under color of law.

36. At no point was there any justification for the overdetention of Plaintiff as alleged above.

37. At all times relevant hereto, Plaintiff had a clearly-established constitutional right to be free from continued detention after it was or should have been known that he was entitled to release.

38. As a direct and proximate result of the actions as described herein, Plaintiff was deprived of his Fourth Amendment right to be free from unlawful seizure and unlawful detention.

39. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress, which injuries are permanent and continuing.

<u>**COUNT II –**</u>
**42 U.S.C. §1983**
**(FOURTEENTH AMENDMENT)**
**ALL DEFENDANTS**

40. Plaintiff re-alleges and reincorporates the foregoing paragraphs 1 through 33 as if fully set forth herein.

41. Plaintiff re-alleges and reincorporates the foregoing paragraphs as if fully set forth herein.

42. At all times relevant hereto, these Defendants were acting as employees of the CCSO and under color of law.

43. At no point was there any justification for the overdetention of Plaintiff as alleged above.

44. At all times relevant hereto, Plaintiff had a clearly-established constitutional right to be free from continued detention after it was or should have been known that he was entitled to release

45. As a direct and proximate result of the actions as described herein, Plaintiff was deprived of his Fourteenth Amendment right to be free from unlawful detention without due process of law.

46. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress, which injuries are permanent and continuing.

## COUNT III –
### STATE LAW NEGLIGENCE
### ALL DEFENDANTS

47. Plaintiff re-alleges and reincorporates the foregoing paragraphs 1 through 33 as if fully set forth herein.

48. At all times, these Defendants had a ministerial duty to ensure the timely release of inmates upon the expiration of their sentences. See O.C.G.A. § 42-4-7.

49. By failing to timely release Plaintiff, these Defendants breached their duty of care to Plaintiff.

50. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress, which injury is permanent and continuing.

## COUNT IV
### COMMON LAW FALSE IMPRISONMENT
### ALL DEFENDANTS

51. Plaintiff re-alleges and reincorporates the foregoing paragraphs 1 through 33 as if fully set forth herein.

52. All Defendants, individually and collectively, acted with an intent to confine.

53. The acts of all Defendants resulted in actual confinement of Plaintiff.

54. Plaintiff was aware of such confinement and was harmed by it.

55. Such confinement was done without legal authority upon the passage of Defendant's release date.

56. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress, which injury is permanent and continuing.

## COUNT V
## STATE LAW
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## ALL DEFENDANTS

57. Plaintiff re-alleges and reincorporates the foregoing paragraphs 1 through 33 as if fully set forth herein.

58. Defendants' conduct of failing and/or refusing to timely release Plaintiff was extreme and outrageous.

59. Defendants' extreme and outrageous conduct recklessly caused severe emotional distress to Plaintiff.

60. This emotional distress has caused Plaintiff injury and damage for which Defendants are liable including, but not limited to: physical, mental, and

emotional pain and suffering; humiliation; embarrassment; and distress, which injury is permanent and continuing.

### COUNT VI –
### ATTORNEYS FEES AND COSTS
### 42 U.S.C. §1988 and GEORGIA LAW
### ALL DEFENDANTS

61. Plaintiff re-alleges and reincorporates the foregoing paragraphs 1 through 33 as if fully set forth herein.

62. As a result of the actions, omissions, and wrongful conduct of Defendants as described herein, Plaintiff has been forced to retain legal counsel and incur the costs and expenses of bringing this action in defense of his rights.

63. Pursuant to 42 U.S.C. § 1988 and Georgia law, Plaintiff is entitled to recover from Defendants his attorneys' fees and the costs and expenses of litigation.

### DEMAND FOR JURY TRIAL

Plaintiff realleges and reincorporates the foregoing paragraphs as if fully set forth herein and demands a trial by jury on all claims so triable. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Fed. R. Civ. P. 38(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a trial by jury, that summons issue, that judgment, costs, and fees be entered in his favor and against the Defendants, and that the following relief be granted by the Court:

a) that Plaintiff recover against Defendants in compensatory, special, and general damages, in an amount or amounts to be determined at trial by the enlightened conscious of the jury;

b) that Plaintiff recover against Defendants in punitive damages in an amount sufficient to punish and deter Defendants in an amount determined at trial by the enlightened conscious of the jury;

c) that Plaintiff recover against Defendants for his attorneys' fees and costs of litigation pursuant to 42 U.S.C. §1988 and Georgia law; and

d) Grant such other and further relief that the Court deems just and proper.

This 5th day of January, 2023.

/s/ Christopher M. Upshaw
Georgia Bar No. 557562
***Counsel for Plaintiff***

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5020 *telephone*
(770) 692-5030 *facsimile*
doc@sanchezhayeslaw.com

## FONT CERTIFICATION

Pursuant to Local Rule for the Northern District of Georgia 7.1(D), the undersigned hereby certifies that this Complaint was prepared using Times New Roman font, 14-point, as approved by this Court.

This 5th day of January, 2023.

                                                /s/ Christopher M. Upshaw
                                                Georgia Bar No. 557562
                                                ***Counsel for Plaintiff***

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5020 *telephone*
(770) 692-5030 *facsimile*
doc@sanchezhayeslaw.com